UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:09cv335 |
| | ) |
| EXPERIAN INFORMATION | |
| SOLUTION, INC. et al., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on motions to dismiss filed by defendant Argent Healthcare Financial Services, Inc. ("Argent"), defendant Experian Information Solutions, Inc. ("Experian"), defendant American General Financial Services, Inc. ("American General") and defendant State Farm Automobile Insurance Company ("State Farm"). The first three motions were all filed on December 7, 2009, and State Farm's motion (concurring with the first three motions) was filed on February 4, 2010[1].

The plaintiff, Christopher E. Washington ("Washington"), proceeding pro se, filed his response[2] to the motions on December 21, 2009. Experian filed its reply on December 23, 2009,

---

[1] Three other defendants were named in the complaint, Verizon Wireless Greater, Credit Acceptance Corporation, and Trans Union, LLC. On January 21, 2010 Washington filed a motion to voluntarily dismiss with prejudice defendant Verizon Wireless, and the case was dismissed as to Verison Wireless on January 25, 2010. As the moving defendants noted in their Joint Notice of Removal, "defendants Credit Acceptance Corporation and Trans Union, LLC have no record of receiving by mail the summons and complaint". As these latter two named defendants have not been properly served, they are not considered viable defendants in this lawsuit.

[2] Washington's response is entitled "Motion to Proceed With Case So That Relief May Be Granted", but appears in substance to be intended as a response to the motions to dismiss.

Argent filed its reply on December 28, 2009, and American General filed its reply on January 13, 2010.

On January 4, 2010, Washington filed a "Motion To Enter Judgment So That Relief Can Be Granted" and on January 8, 2010, Washington filed a "Motion for Fast Speedy Response". Finally, on February 4, 2010, Washington submitted a letter requesting an expedited ruling in this case.

## Discussion

On November 28, 2007, Plaintiff filed a complaint in this Court ( "First Complaint") naming seven defendants: Experian, State Farm Automobile Insurance, American General Finance, Argent Healthcare Financial Services, Verizon Wireless Greater, Credit Acceptance Corporation, and Trans Union, LLC. Washington v. Experian, et al., No. 1:07cv301 (N.D. Ind.). The First Complaint alleged, inter alia, that defendants failed to remove inaccurate items from Plaintiff's credit report after Plaintiff disputed them sometime around July 20, 2007. Defendants filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court granted defendants' motions and the case was dismissed on the merits, with prejudice, on April 22, 2008.

On March 25, 2009, Plaintiff filed a second complaint in this Court ("Second Complaint"). The Second Complaint named the same seven defendants and again claimed that defendants failed to remove inaccuracies from Plaintiff's credit report after Plaintiff disputed them sometime around July 20, 2007. Washington v. Experian, et al., No. 1:09cv0078 (N.D. Ind.). On April 13, 2009, this Court dismissed the case, finding that res judicata barred the Second Complaint because it named the same defendants and was based on the same operative

2

facts as the First Complaint. The Court of Appeals for the Seventh Circuit affirmed. Washington v. Experian, et al., No. 09-2121 (7th Cir. 2009)  The United States Supreme Court denied Plaintiff's petition for a writ of certiorari on October 5, 2009. Washington v. Experian, et al., No. 09-5299 (U.S. 2009).

On October 21, 2009, Plaintiff filed the instant complaint ("Third Complaint") in the Superior Court of Allen County, Indiana. Defendants removed the case to this Court on November 30, 2009 pursuant to 28 U.S.C. 1441. The Third Complaint is virtually identical to the Second Complaint, naming the same seven defendants, raising the same factual allegations, and repeating the same count and same prayer for relief.

The defendants have now filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A complaint must pass a two prong test to survive a Rule 12(b)(6) motion: (1) the complaint must describe the claim in sufficient detail, and (2) the allegations must plausibly suggest that the plaintiff has a right to relief. Equal Employment Opportunity Comm'n v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), citing Bell v. Twombly, 550 U.S. 544 (2007). Dismissal pursuant to Rule 12(b)(6) is appropriate where res judicata bars the asserted claims. Cole v. Bd. of Trustees, 497 F.3d 770, 773 (7th Cir. 2007). The defendants contend that the doctrine of res judicata plainly requires dismissal of Washington's Third Complaint.

The doctrine of res judicata precludes parties from relitigating issues that were or could have been raised in a prior action. The three requirements for res judicata under federal law are (1) an identity of parties, (2) an identity of the causes of action, and (3) a final judgment on the merits. Cole v. Bd. of Trustees, 497 F.3d 770, 773 (7th Cir. 2007).

3

Comparison of the complaints at issue shows that the complaints name the very same seven defendants and are based on the same operative facts. In fact, the Third Complaint appears to be a reproduction of the Second Complaint, with only minor font changes to the word "Experian" and one minor substantive change regarding the alleged location of Experian's principal place of business. Notwithstanding those minor changes, each complaint includes the very same factual allegations (see ¶¶ 9-16 of each complaint) and the very same count allegations and prayer for relief (see ¶¶ 17-22 of each complaint). Like the First Complaint, all allegations relate to the defendants' alleged failure to remove inaccuracies from Plaintiff's credit report after Plaintiff disputed them sometime around July 20, 2007. Thus, the identity of parties and causes of action are exactly the same as those already raised and dismissed.

The dismissal of the First Complaint is also a "final" judgment, as this Court dismissed the First Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the merits and with prejudice. As explained by this Court in dismissing the Second Complaint, "the complaints have an identity of the parties or their privies and an identity of the operative facts, and the final judgment in [the first case] was on the merits. Accordingly, all of the elements necessary for the doctrine of res judicata are present." Thus, the Third Complaint is also barred and will be dismissed.

## Conclusion

Based on the foregoing, the motions to dismiss (DE 9, DE 11, DE 14 and De 34) are hereby GRANTED.

Entered: February 16, 2010.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court